IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AGUSTIN VELEZ,

                                                          ORDER

                Plaintiff,

                                               13-cv-445-bbc

    v.

EDWARD F. WALL, CATHY JESS,
MICHAEL BAENEN, JESSICA LEGOIS
and AMY BASTEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for injunctive relief, pro se plaintiff Agustin Velez, an inmate at the Green Bay Correctional Institution, contends that defendants Edward Wall, Cathy Jess, Michael Baenen, Jessica Legois and Amy Basten violated his right of access to the courts by denying him legal loans that he needed to file briefs supporting his appeal of the denial of a motion for postconviction relief under Wis. Stat. § 974.06 in Wisconsin Court of Appeals Case No. 2011-AP-2455, State v. Velez.  In particular, plaintiff contends that he filed a notice of appeal in October 2011 and requested a legal loan from the prison in order to file his appellate brief.  The loan was approved initially, but was later revoked on the ground that plaintiff's appeal was successive and unauthorized and plaintiff had outstanding legal loan debts.  Plaintiff seeks damages, as well as an order from this court requiring defendants to approve his request for a legal loan.

1

Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment. Plaintiff's complaint is now before the court for screening under 28 U.S.C. § 1915A. Under that statute, I must screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.

After reviewing the complaint, I conclude that plaintiff cannot proceed against defendants at this time because his complaint does not provide enough information about the status of his post conviction appeal. In particular, plaintiff contends that he has been unable to file briefs in support of his appeal because he has been denied a legal loan. However, it appears from the publicly available docket of plaintiff's post conviction appeal that plaintiff filed his brief in support of his appeal on March 13, 2013 and his reply brief on July 24, 2013, after receiving several deadline extensions from the court of appeals. State v. Velez, 2011-AP-2455, docket available at wscca.wicourts.gov (last visited Aug. 6, 2013).

Plaintiff has a constitutional right to "meaningful access to the courts" for the purpose of challenging his confinement or the conditions of his confinement. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). However, to state a claim for denial of the right of access to the courts, plaintiff must allege that the defendants engaged in conduct that caused him "actual injury," which means it caused him to lose a lawsuit or chance to sue on a non-frivolous argument. Lewis v. Casey, 518 U.S. 343, 350-54 (1996); Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). If plaintiff has in fact been permitted to file briefs in support of his

2

post conviction appeal, he has not identified any "actual injury" and has not stated a claim for denial of access to the courts. Therefore, plaintiff must submit additional facts about the status of his post conviction appeal and what "actual injury" he has suffered.

ORDER

IT IS ORDERED that plaintiff Agustin Velez may have until August 26, 2013 to file a supplement to his complaint containing additional facts about the status of his post conviction appeal and what "actual injury" he has suffered as a result of the denial of a legal loan by defendants Edward Wall, Cathy Jess, Michael Baenen, Jessica Legois and Amy Basten. If plaintiff does not respond by August 26, 2013, his complaint will be dismissed for failure to state a claim upon which relief may be granted.

Entered this 12th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge