IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AGUSTIN VELEZ,

ORDER

Plaintiff,

13-cv-445-bbc

v.

EDWARD F. WALL, CATHY JESS,
MICHAEL BAENEN, JESSICA LEGOIS
and AMY BASTEN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Agustin Velez, proceeding in forma pauperis, filed a proposed complaint on June 24, 2013. Dkt. #1. On August 12, 2013, I screened plaintiff's complaint under 28 U.S.C. § 1915A and determined that he had failed to state a claim upon which relief may be granted. Plaintiff had represented that defendants had prevented him from filing briefs in the Wisconsin Court of Appeals, but a look at the court records showed that he had already filed his briefs in that case. Thus, he had not identified an actual injury and could not show that defendants had denied him access to the courts. Dkt. #6. Therefore, I ordered plaintiff to amend his complaint to add facts sufficient to state a claim, specifically, to show that he had suffered an actual injury. Id.

After receiving an extension, plaintiff filed his amended complaint on September 25, 2013. Dkt. #9. Unfortunately, plaintiff's amended complaint also fails to state a claim

1

upon which relief may be granted, so I must dismiss it.

In his amended complaint, plaintiff appears to be making three claims against defendants Edward F. Wall, Cathy Jess, Michael Baenen, Jessica Legois and Amy Basten: (1) his right to access the courts was violated because prison employees refused to give him a legal loan, delaying his ability to file briefs in his criminal appeal; (2) he anticipates that this right will be violated again because prison employees will deny him a legal loan after his appeal and thereby prevent him from filing the copies necessary to petition the Wisconsin Supreme Court; and (3) defendant Jessica Legois allowed defendant Cathy Jess to view his appellate brief.

Plaintiff says that he filed a notice of appeal of his criminal case in October 2011 and subsequently requested a loan for filing his appellate brief.  At first, his loan was approved, but that approval was later revoked because his appeal was unauthorized and he had outstanding legal loan debts.  Despite this revocation, plaintiff was able to file his briefs after borrowing money from fellow inmates.  Plaintiff filed his brief in support of his appeal on March 13, 2013 and he filed his reply brief on July 24, 2013 in the Wisconsin Court of Appeals.  His appeal is now pending before that court.

For claims asserting denial of the right to access the courts, plaintiffs must allege an actual injury, such as the loss of a lawsuit or the loss of a chance to sue on a non-frivolous lawsuit.  Lewis v. Casey, 518 U.S. 343, 350-54 (1996).  In this case, plaintiff has not alleged an actual injury.  Consequently, as I explained in the August 12, 2013 order, he has not stated a claim upon which relief may be granted; he was able to file his briefs and continue

the litigation of his appeal.

Alternatively, plaintiff contends that the delay he incurred in filing his appellate brief without a legal loan was an injury.  However, delay alone is not an "actual injury" for an access-to-courts claim.  Lewis v. Casey, 518 U.S. at 350-54, 362; In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012) (plaintiff alleged he was delayed in litigating a claim because he had no access to copier but did not plead facts about that underlying claim, so he failed to state claim for denial of access to courts).  Again, plaintiff fails to allege an actual injury and therefore fails to state a claim for the revocation of his legal loan.

Plaintiff next claims that prison employees will deny him access to a legal loan if and when the Wisconsin Court of Appeals rules against him and he seeks to petition the Wisconsin Supreme Court.  He says that without the loan he will not be able to make the required 10 copies of his petition and record and would therefore be denied access to justice.  Plaintiff's claim is not ripe because his injury is speculative.  Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581(1985)).  At this point, it is not clear how the Wisconsin Court of Appeals will rule.  It could decide in plaintiff's favor, which means it would not have to file an appeal.  Furthermore, plaintiff has not yet requested the legal loan for this petition, and he may be approved for it.  Perhaps, as he was able to do during his appeal, he will be able to obtain assistance from others and will not need the legal loan to continue his litigation.  Until he has actually been prevented from

3

filing, he has not suffered an injury and has not stated a claim upon which relief may be granted.

Finally, plaintiff alleges that defendant Jessica Legois mailed his appellate brief to another Department of Corrections employee, Cathy Jess, which he says is a violation of certain work codes of the Department of Corrections and Wisconsin Administrative Code § 310.16.  First, because plaintiff's appellant briefs are public documents, mailing them or allowing others to read them would not violate plaintiff's rights.  Guajardo-Palma v. Martinson, 622 F.3d 801, 804 (7th Cir. 2010)("[P]rison officials have as much right to read [public documents] as the prisoner.").   These actions would not violate Wisconsin Administrative Code § 310.16, which refers to keeping confidential the complaints prisoners file within the prison system.  And although it is not clear whether the mailing violates the Department of Corrections "work code[s]" #2 and #4, cited by plaintiff, even if it did, plaintiff cannot bring a claim under 42 U.S.C. § 1983 for a violation of a state regulation. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations . . . .").  I have no reason to believe that, by itself, the violation of a Department of Corrections provision would give rise to a state law claim that plaintiff could enforce.

I conclude that plaintiff has failed to state any claim upon which relief may be granted.  Thus, I am dismissing his complaint.  I am also assessing a strike under 28 U.S.C. § 1915(g), which directs the court to enter a strike when an action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted."

ORDER

IT IS ORDERED that

1.  Plaintiff Agustin Velez's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED with prejudice.

2.  Plaintiff is assessed a strike under 28 U.S.C. 1915(g).

3.  Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

4.  The clerk of court is directed to close the case.

Entered this 18th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge